353 P.2d 916

**CARBON CANAL COMPANY, a corporation, et al., Plaintiffs and Appellants,**

v.

**SANPETE WATER USERS ASSOCIATION, a corporation, and Wayne D. Criddle, State Engineer of the State of Utah, Defendants and Respondents,**

**United States Steel Corporation, a corporation, Intervenor.**

No. 9133.

Supreme Court of Utah.

July 1, 1960.

Therald N. Jensen, Price, E. J. Skeen, Salt Lake City, for appellants.

Walter L. Budge, Atty. Gen., Arthur H. Nielsen, Salt Lake City, for respondents.

WADE, Justice.

This is an appeal from a judgment of the District Court for Sanpete County granting the Sanpete Water Users Association, one of the respondents herein, to which we shall hereafter refer as the applicant, an extension of two years' time in which to file proof of appropriation of water under Application No. 9593, which was filed in the State Engineer's office by its predecessors in interest in 1924 for the appropriation of 15,000 acre feet of water in Gooseberry Creek for storage in a reservoir. The application contemplates the construction of a dam to store and tunnels to carry the waters from the Price River drainage area through a mountain to lands in the San Pitch River drainage area in Sanpete County to be used for irrigation purposes.

Application No. 9593 was not approved by the State Engineer in 1924, and the appeal to the District Court from his decision was not decided until 1939, when the Engineer's decision was reversed. Since that time a number of extensions of time has been granted by the State Engineer in which to file proof of appropriation of water under this application. In March, 1958, the Sanpete Water Users Association filed another application for extension of time until 1965 in which to submit proof of appropriation. This application drew the protests of appellants. The State Engineer granted an extension of time to January 31, 1961. This decision granting such extension was affirmed by the District Court, except that its judgment was that the applicant be given a period of two years from the time in which the judgment would become final by lapse of time in

which to file an appeal to this Court or should such an appeal be taken and its judgment affirmed, then the two years' time should commence from the time of the remittitur of such final judgment.

It is appellants' contention that there was not sufficient evidence to find that applicant had used due diligence or shown reasonable cause for delay as required by Sec. 73-3-12, U.C.A.1953, and therefore the Court had erred in granting the extension.

Whether due diligence has been used or there has been reasonable delay in commencing the construction of works to appropriate water under an application is a question of fact to be determined from all the circumstances surrounding each particular case.[1] What acts might reasonably be found to be due diligence under one set of circumstances might not under other conditions. The real criterion appears to be the bona fides of the attempt to appropriate which must be pursued with all the expedition and constant effort to accomplish the undertaking which is usual "in men engaged in like enterprises, and who desire a speedy accomplishment of their designs."[2]

The evidence shows that while the appeal was pending in the District Court from the original rejection by the State Engineer of the application in 1924, those interested in the application and the plan to construct a dam to obtain the water from Gooseberry Creek at a point known as the "Narrows" site and which was generally known as the Gooseberry Project had plans drawn up for the construction of a tunnel and applied for public funds either under the Works Progress Administration or the Case-Wheeler Act to help in the consummation of this project. They were unable to obtain these funds when it was discovered that there had been no decision on the appeal. After the Court's decision in favor of the application, the Sanpete interests pushed the effort to obtain approval of their plans for the construction and were surveying and making appraisals of the rights-of-way which had to be acquired for canals and the tunnel when World War II commenced, which put an end to the possibility of obtaining funds from the Works Progress Administration or the Case-Wheeler Act. However, the Bureau of Reclamation had long been interested in irrigation and storage projects along the Price River of which Gooseberry Creek is a tributary and had included as one project

---

1. Kinney on Irrigation and Water Rights, 2d Ed., Sections 736-737, pages 1269-1271; Wiel, Water Rights in the Western States, 3d Ed., Sec. 383.

2. Kinney on Irrigation and Water Rights, Sec. 735, page 1269.

the Gooseberry Project along with the Scofield Reservoir which serves the Carbon County interests and which is located several miles below the place where the Gooseberry Reservoir is planned. At the behest of the Sanpete interests the Reclamation Bureau had made various studies, surveys and reports with the view towards building the dam and tunnel to use the water covered by the application now owned by respondent, Sanpete Water Users Association. During World War II the Carbon County water users wanted their reservoir rebuilt by the Reclamation Bureau without waiting until work could be done on both projects as one. Rather than make it impossible for either project to be built at that time, those interested in the Gooseberry Project deferred to the wishes of Carbon County interests, among whom are the appellants herein. Scofield Reservoir was rebuilt with financial aid from the United States Government.

After World War II ended applicant again made plans to proceed with work on the tunnel and applied to the Utah Water and Power Board for a loan of $90,000, which with private funds available to it would have been sufficient to construct the tunnel. This loan was not made, however, because the Reclamation Bureau indicated that it would like to work on a project called the Mammoth Project somewhat downstream from the Gooseberry Project which would produce more water for the Sanpete County Water Users. This project was to be tied in with the Bureau's projects on the Colorado Water System.

The Sanpete interests obtained a number of extensions of time within which to make proof from the State Engineer while these projects were being surveyed and planned on their behalf and in which over $100,000 was spent by the Bureau of Reclamation and the Utah Water and Power Board. Just prior to applicant's latest request for an extension of time from the State Engineer it decided to build the tunnel without waiting for action from the Reclamation Bureau whose activities in its behalf were at least delayed because of appellants' protesting the appropriation by Congress of any money for the Gooseberry Project which had been recommended by the Bureau of Reclamation. It implemented this decision by applying for a loan from the Utah Water and Power Board and hiring an engineer to prepare plans and specifications. This engineer caused preliminary excavation work to be done from which he obtained sufficient facts to make final plans for the construction of the tunnels so that actual work could be commenced.

In view of the magnitude of the project and its importance to the agricultural interests of Sanpete County and the continued interest and activities of applicant and the fact that the legislature has indicated by Sec. 73–3–12, U.C.A.1953, wherein it has provided that the State Engineer may grant extensions of time not exceeding 50 years, that there might be projects which would take 50 years for completion and therefore the mere passage of years would not necessarily be evidence of lack of due diligence, this court cannot say that applicant had not used that constant effort to accomplish its purpose as would be usual "in men engaged in like enterprises, and who desire a speedy accomplishment of their designs," and therefore both the State Engineer and the District Court had erred in finding that there was reasonable cause for delay and that applicant had acted with due diligence. We are especially prone to this view because of the condition attached to this extension of time by the court that applicant must take positive steps to avoid any further delay.

Affirmed. Costs to respondents.

CROCKETT, C. J., and HENRIOD, McDONOUGH, and CALLISTER, JJ., concur.