417 P.2d 970

**Esther BREWER et al., Plaintiffs and Appellants,**

**v.**

**PLEASANT CREEK IRRIGATION COMPANY, a corporation, Sanpete Water Users Association, a corporation, et al., Defendants and Respondents.**

No. 10366.

Supreme Court of Utah.

Sept. 7, 1966.

---

7. Ivie v. Richardson, 9 Utah 2d 5, 336 P.2d 781; Gibbons & Reed Co. v. Guthrie, 123 Utah 172, 256 P.2d 706.

Edward M. Garrett, Salt Lake City, for appellant.

Nielsen, Conder & Hansen, Salt Lake City, for respondent.

HENRIOD, Chief Justice:

Dismissal of a stockholders suit to declare an assessment void or for damages against corporate officers for negligence. Affirmed, with no costs awarded.

Plaintiffs are shareholders in defendant Pleasant Creek Irrigation Company, organized in 1891 under the Compiled Laws of Utah 1888, Utah Territory, by filing articles with the Probate Clerk.[1] Its purpose was to distribute the waters of Pleasant Creek to those entitled.

In 1896, Utah became a State and its constitution required that certain abortive corporations were dead and that others with normal conception might enjoy future legislative benefits if they filed an acceptance of the provisions of the constitution with the Secretary of State.[2] There is a void between then and 1927, so far as such acceptance is concerned. In 1927 the company filed an amendment to its articles, authorizing it to acquire stock in other water companies to further the interests of the company. The Sanpete Water Users Association was organized to develop water resources in Gooseberry Valley, high in the mountains in a terrain whose water resources naturally flow through Carbon County. This county is separated from Sanpete County by a mountain and differences of opinion. A diversion of part of these waters into Sanpete County has been suggested and promoted by certain groups for many years, causing bitterness between the ethnic groups on each side of the mountain, where the dove of peace attempting to fly in either direction from the summit might be a dead duck. The friendly animosity has found refuge in court rooms in protracted litigation.[3]

1. Compiled Laws of Utah, 1888, § 2271, s. 5.
2. Art. XII, § 2, Utah Constitution.

3. Carbon Canal Co. v. Sanpete Water Users Ass'n, 10 Utah 2d 376, 353 P.2d 916 (1960), and its offspring, Carbon

After the 1927 amendment, for nigh onto a third century, no one seemed to be tormented by the pleasant acquisition of additional powers by Pleasant Creek. By amendment in 1941, the corporation's heart-beat was stimulated, without any murmur, to assure its functioning for another 49 years.

Later on the crystal clear waters of Pleasant Creek were muddied by a minority of dissident shareholders who resented and refused to pay an assessment levied by Pleasant Creek to pay for purchase of stock in Sanpete Water Users Association in the latter's efforts to obtain water from Gooseberry Valley in aid of thirsty lands in Sanpete County across the divide.

Nonetheless, this whole story seems to have its plot in whether an "acceptance" of the Utah Constitution ever was filed.

The plaintiffs say that to change the purpose of the corporation required ⅔ vote of the stock under the 1888 legislation, which majority was not available. They say that not having formally accepted the Constitution, any attempt to buy stock in another water company would be ultra vires and abortive, and could not be rectified by the 1927 amendment or anything else, except a formal acceptance.

The significant questions, therefore, are 1) whether there *was* an acceptance, and

2) whether, if not, the action or inaction of the shareholders was such as to preclude them from claiming that their offspring was nullius filius.

We think and hold that 1) should be answered in the affirmative, which needs no treatment of 2), although we think the trial court could be sustained as to the latter.

The trial court found that there was no evidence that an "acceptance" of the Constitution was not filed before 1927, but even so, the filing of an amendment in that year constituted an acceptance. Plaintiffs urge that the certificate of the Secretary of State, dated August 31, 1964, shows that there was no "acceptance" of the Constitution filed by Pleasant Creek. We think that since this whole case seems to be charged with hypertechnicality, we might indulge the same kind of luxury.

The certificate says that the bundle of papers attached thereto represents a "full, true and correct copy of the *Articles of Incorporation and* amendments or papers *pertaining to the Articles of Incorporation*" of the company. The constitutional interdiction that an "acceptance" must be filed with the Secretary of State did not say that it had to be done by way of amending the Articles of Incorporation,

Canal Co. v. Sanpete Water Users Ass'n, case No. 10122, pending in this court, and Price River Water Imp. Dist. v. Sanpete Water Users Ass'n, case No. 10123, pending in this court.

and nothing therein says that such acceptance pertained to the Articles of Incorporation. The acceptance had nothing to do with the articles in the way of changing them, but were adjunct to them, and effectively could have been filed anywhere in the Secretary's office. This may or may not be captious reasoning, but at least it tends to support the trial court's finding that there was no evidence to prove such acceptance was not filed. The presumption is, of course, that that which was to be done has been done in this case.

■ However, we are more impressed with the court's finding that the filing of an amendment in 1927 increasing the authority of the company, was an acceptance under the constitution. It would seem to be somewhat anomalous that the very people who proposed the amendment and asked the state to aggrandize the corporate authority, later should say we like to eat the cake's frosting but not its leaven,— thus involving themselves with inconsistency. Certainly, in 1941, when these same people asked that their offspring be baptized in the fountain of youth for a half-century's respite, they hardly can expect to complain that it was still or yet unborn because of his failure to deposit a paper in the capitol building.[4] In pursuing such a course, it could be, but is not so much a

matter of estoppel as it is an assent to be bound by the law then in existence, which seems to eliminate the $\frac{2}{3}$ majority vote of the shareholders, agreeing instead to abide by a simple majority, as was the case here.

■ Plaintiffs urge that they released their rights to any Gooseberry water in exchange for relief from assessment therefor. They exhibit a signed release forwarded to the company. It is true that because of difference in opinion among stockholders, some officials of the company tried to work something out to placate the unhappy ones, but the whole attempt died sine die without any official approval by the board of directors or any act that would bind the corporation to the document presented but never recognized.

As to plaintiffs' claim of prejudicial error in allowing defendants' counsel to ask leading questions, an objection was made to one only, the answer to which seems somewhat innocuous to us in light of the rest of the record and the prerogatives of the trial court.[5]

As to the trial court's dismissal of the claim against certain officials of the company for negligence in indulging in a speculative scheme to acquire additional water, the matter seems to have been settled at

4. Drew v. Beckwith, Quinn & Co., 57 Wyo. 140, 114 P.2d 98, 115 P.2d 651; Fletcher, Cyc. Corp., Vol. 7, § 3729.

5. Wigmore, Evidence, Vol. 3, § 770.

pre-trial to the effect that if it were found that the company did not act ultra vires, such issue would not be probative. At any rate, no effort to pursue it was made before or at the time plaintiffs rested their case.

We think this case was conducted in a very dignified manner by court and counsel, and that all of the witnesses displayed sincere candor in their response to questions. We can't water down the commendable demeanor of anyone in this case.

McDONOUGH and CALLISTER, JJ. concur.

WADE, J., heard the arguments but died before the opinion was filed.

CROCKETT, Justice (concurring):

I concur in affirming the judgment of the trial court and desire to make these observations in support thereof: in addition to the trial court's finding that there is no evidence that the defendant had failed to file an acceptance, it further found, " * * * but that in any event the filing of the certified copy of its Articles on January 11, 1927 by Pleasant Creek Irrigation Company constituted an acceptance of the provisions of the Constitution of the State of Utah * * *." In my opinion this satisfies the requirement of Sec. 2, Article XII. This conclusion is further supported by the filing of amendments to the corporate charter in 1941. The other and more compelling point is that this corporation existed and operated from 1891 until this controversy arose without anyone being concerned about its possible invalidity. From anything that appears, the plaintiffs as stockholders were quite willing to accept any benefits from it and found no fault therein until this controversy arose. Consequently they are in no position to claim the invalidity of the corporation as a shield in their internecine dispute.